STATE OF VERMONT

ENVIRONMENTAL COURT

| | |
|---|---|
| In re: | } |
| Judge Development Corp. and SW Corner, LLC | } Docket No. 189-9-05 Vtec |
| Act 250 Permit Amendment Application | } |
| | } |

<u>Decision and Order on Motion to Alter or Amend</u>

Appellant-Applicants are represented by Eric M. Knudsen, Esq. and Erin M. Heins, Esq.; the Land Use Panel of the Natural Resources Board is represented by John H. Hasen, Esq.; the State of Vermont Division for Historic Preservation is represented by Julie Kelliher, Esq. and John Kessler, Esq.; and the Town of Williston is represented by Paul S. Gillies, Esq.

Appellant-Applicants Judge Development Corporation and SW Corner, LLC, appealed from a decision of the District 4 Environmental Commission, denying their application for an amendment of Act 250 Land Use Permit #4C0388-A-12 to relocate the historic building known as the Blair House from its present location. The District Commission had not reached the merits of the relocation application; rather, it decided that the proposal did not meet the criteria for consideration of an amendment application under former Environmental Board Rule (EBR) 34(E).

In this Court's Decision and Order on Cross-Motions for Summary Judgment issued on August 7, 2006, the Court determined first that the application must be analyzed under EBR 34(E). In the summary judgment order the Court also then determined, under subsection (1) of EBR 34(E), that the requirement at issue in the amendment application (that the Blair House remain in its original location) was included in the 1985 Permit to resolve a critical issue: "it is clear that leaving the main block of the Blair House in its original location was critical to allowing the remainder of it (and its outbuildings) to be

1

removed." In re: Judge Development Corp. and SW Corner, LLC, Docket No. 189-9-05 Vtec, slip op. at 7-8 (Vt. Envtl. Ct., August 7, 2006). The summary judgment order further determined, under subsection (2) of EBR 34(E), that Appellants are not merely seeking to relitigate or undermine the requirement that the Blair House remain in its original location.

The summary judgment order determined that material facts were disputed as to whether finality outweighs flexibility in this particular case, under subsection (3) of EBR 34(E). After an evidentiary hearing and oral argument on the issue of whether, under former Environmental Board Rule (EBR) 34(E)(3), Appellant-Applicants had met the criteria for having the District Commission consider their amendment application on its merits, the Court issued a ruling on an audio tape record.

The Division for Historic Preservation requested a written ruling including findings, which the Court issued on March 22, 2007. That written decision and order incorporated by reference the findings as to the building's general location, history, and permit history in the Decision and Order on Cross-Motions for Summary Judgment issued on August 7, 2006. That incorporation, as noted by the order, incorporated from the summary judgment decision the conclusions that EBR 34(E) is applicable; that, under EBR 34(E)(1), the requirement sought to be amended had been included in the 1985 Permit to resolve a critical issue; and that under EBR 34(E)(2), Appellants were not merely seeking to relitigate or undermine that requirement.

The March 2007 written order proceeded to state the Court's findings supporting the earlier ruling from the bench that in this particular case, under EBR 34(E)(3), flexibility outweighs finality as to the contested requirement. In that order the Court rejected the argument that the increase in development in the area in the twenty years since the issuance of the permit should justify the consideration of the proposed amendment, reasoning that such development was contemplated when the permit was issued.

The Court found in the March 2007 order that the significance of the building in the

historic preservation context was not in its <u>setting</u>, which had already been compromised by the time the permit condition was imposed, but in its <u>location with respect to the roadways and the intersection</u>. The Court found that the critical rationale for the contested requirement was to allow the building to be capable of being "read" or perceived by the traveling public as an historic inn building oriented towards the intersection, reflecting the history of the intersection itself.

The Court went on to find that three elements affecting the building's location in relation to the intersection had changed since the permit was issued. First and most importantly, the Court found that the roadway in front of the building had been widened to add a right-turning lane for eastbound traffic turning to the south, which reduced the distance between the roadway and the building, and made the bank between the roadway and the building steeper.

The Court also found that the elevation of the land around the building had been increased by the roadway construction and site work at the intersection, so that more of the building's foundation is covered and the building sits in a slight depression. Because the Court also found that this aspect of the changes at the intersection was in part within Appellant-Applicants' control, the Court noted that this change in relative elevation by itself was not persuasive. The Court also found that the trees around the building had grown so large that they now obscure the building from the perception of the traveling public from certain directions, especially in the summer.

The Court concluded, both in its ruling from the bench and in its written ruling of March 22, 2007, that the present need for flexibility outweighs finality for the single reason that "the relative location of the roadway to the building has changed in the time since the issuance of the previous permit and was beyond the Appellant-Applicants' control." The decision emphasized that this ruling was "specifically . . . NOT . . . due to the development in the surrounding area" but rather that it was due to changes in the configuration of the

intersection that affect the reason for which the contested requirement was imposed. That is, the Court concluded that flexibility outweighs finality so that the changes in the intersection would be evaluated in light of the rationale for the contested requirement, to determine if those changes prevent the building from being "read" or perceived by the traveling public not only as an historic inn building, but as an historic inn building oriented towards an historic intersection.

The March 22 ruling emphasized that it specifically did NOT make any determination on the merits of the amendment application. Although some evidence was presented on these issues, the Court specified that it was not then determining whether the building needs to be moved in order to be preserved, either to the location for which Appellants have applied or to any other location, and that it made no ruling on whether the alternative preservation techniques presented in evidence (such as raising the building up and improving the foundation or placing moisture barriers below it) would allow the building to stay in its present location or whether continuing maintenance is feasible in that location.

Rather, the Court stated that it is for the District Commission in the first instance to rule on the merits of that application, and that the Court's ruling was limited to a determination that, under EBR 34(E), Appellant-Applicants are entitled to present their evidence on the merits of their application to the District Commission regarding the condition that was meant to preserve the building in its then-existing location with respect to the intersection.

Accordingly, the issues that are the subject of the Division's Motion to Alter or Amend were all adequately addressed in the March 22, 2007 order or the prior summary judgment order. Based on the foregoing, the Division's Motion to Alter or Amend the March 22. 2007 entry order is DENIED.

As the parties agreed at the April 9, 2007 telephone conference that this matter

4

should be remanded to the District Commission if the Court found that the considerations of EBR 34 had been met, this matter is hereby REMANDED to the District 4 Environmental Commission, concluding this appeal. Any appeal of any subsequent decision by the District Commission would require a new timely notice of appeal and would be given a new docket number.

Done at Berlin, Vermont, this 23rd day of May, 2007.


_____
Merideth Wright
Environmental Judge